G. RANDOLPH RICE, PH. D.

ECONOMICS
7048 MONITEAU COURT
BATON ROUGE, LOUISIANA 70809

PROFESSOR EMERITUS
ECONOMICS
LOUISIANA STATE UNIVERSITY
BATON ROUGE, LOUISIANA

(225) 927-4546
(225) 921-7071
FAX (225) 927-2568
grrice12@yahoo.com

August 30, 2019

Mr. Stephen J. Johnson
Attorney at Law
P.O. Box 3320
Houma, LA 70361

Re: <u>*Mr. Kelly Hodges*</u>

Dear Mr. Johnson:

The following is a summary of some economic calculations that I have prepared pursuant to the trial in which you represent Mr. Kelly Hodges, scheduled for November 18, 2019.

Materials provided to me in this matter included:

- Cover letter/with background information (Date of Birth; Date of Accident; Trial Date; Pay data; etc.);
- Report: Doug Miller, M.S., Licensed Professional Counselor (8/14/19); and
- e-mail (8/30/2019) with "meal" information.

Mr. Hodges was born [redacted]; the date of his accident was December 6, 2017. According to a current paradigm provided by Skoog, Ciecka and Krueger, *Journal of Forensic Economics*, 2011, Mr. Hodges' <u>future</u> work-life expectancy from the trial date is given as 33.31 years.

Your correspondence advised that Mr. Hodges' work schedule was 22 days "on" followed by 11 days "off." Moreover, you noted that his daily rate of pay was $156.00 at the time of the accident ($37,960.00 per annum) but increased to $166.00 effective 2/06/18 ($40,393.33 per annum). We can readily deduct from these gross amounts the appropriate state (AL) and federal income taxes to produce the after-tax

**EXHIBIT**
**A**

counterparts. These latter data are used as the bases for making the calculations below.

The potential economic losses in this case are comprised of both past and future amounts. The prospective past earnings foregone can be represented by those wages which Mr. Hodges might have received from the date of his accident in 2017 until the trial date in 2019 but did not owing to his injuries. Assuming the income levels as explained in the preceding paragraph in this regard (but "crediting" the incomes earned from resumption of employment in February 2019 with Alorica @ $10.75 per hour), an estimate of the past after-tax wage "losses" is $52,559.00.

In viewing future earning capacity, I have simply carried forward the annual income figure noted above for each year of Mr. Hodges' subsequent work-life expectancy. This "projection" does not imply that his income will necessarily remain constant; it does, however, imply steady real earnings throughout time. Moreover, since we are ultimately concerned with the current "worth" of these monies, I have applied to the year-to-year values a below-market discount rate of 0.5 percent which represents a relatively conservative value in the range of possible real discount rates, i.e., nominal rates after excluding the inflationary component, as promulgated in, say, the Culver II decision. Finally, we have monitored the proper tax implications per the discount rate, having previously adapted the gross income base for the income tax consequences.

With these data, the discounted/present value of Mr. Hodges' future after-tax earning capacity (absent-injury) is $1,117,569.00.

In the event that Mr. Hodges can work in the future but at a lesser rate of pay than he previously enjoyed, then the issue becomes the diminution of earnings during the remainder of his work-life expectancy (discounted to the trial date). For example, should he be able to retain employment at the current $10.75 per hour/40 hours per week pay level ($22,360.00 per annum) for the next 33.31 years, the present value of such (applying the same gross below-market discount rate as used with the higher income option) is $637,293.00. Thus, the net future discounted wage "losses" per the circumstances here are $480,276.00 (i.e., $1,117,569.00 less $637,293.00), and adding our past estimate of $52,559.00 gives an overall value of **$532,835.00**.

In addition to these wage concerns, you advised of some "other" economic issues in this case that we can address as follows:

- you noted a +17% increment vis-à-vis gross wages (absent-injury) as a factor to capture the value of "fringe benefits." Using the gross wages from above, the +17% result (past and future) is **$229,139.00**; and

- you indicated that Mr. Hodges was supplied meals while on-the-job. Using the $8.00 per diem figure as advised, the annual equivalent (via the 22 "on"/11 "off" work schedule) is $1,946.67. Straightaway, the past value of meals, 1/31/19 (MMI)-until-11/18/19 (trial), is $1,552.00; the present value of a like future (+33.31 years) amount is $61,186.00. The total (past and future) is **$62,738.00**.

Please keep me posted of progress toward trial.

Sincerely,

G. Randolph Rice

GRR:mjn