UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KELLY HODGES | CIVIL ACTION |
| VERSUS | NO: 19-1736 |
| PARKER TOWING COMPANY, INC. | SECTION: T (4) |

## ORDER

Before the Court is a Motion *In Limine* To Limit Certain Anticipated Testimony Of Defendant's Expert Witness, Robert Borison[1] filed by Kelly Hodges ("Plaintiff"). Parking Towing Company, Inc. has filed an opposition.[2] For the following reasons, the Motion *In Limine* To Limit Certain Anticipated Testimony Of Defendant's Expert Witness, Robert Borison,[3] is **DENIED.**

## BACKGROUND

This action involves Plaintiff's claim for damages resulting from injuries sustained in an accident on December 6, 2017. Parker Towing employed Plaintiff as a deckhand aboard a tow boat, M/V THELMA PARKER II ("Vessel"). At the time of the accident, the Vessel was stationary along the Black Warrior River in Alabama building tow with a total of seven (7) crew members aboard. The Vessel was building a tow of eight (8) barges and was tied off to a cell along the north side of Black Warrior River facing south. Prior to Plaintiff's alleged accident, the crew already secured six of the eight barges to the tow in an "H" formation. Plaintiff alleges he suffered an injury to his left shoulder while he was in the process of using a pelican ratchet during this tow building process.

---

[1] R. Doc. 50.
[2] R. Doc. 55.
[3] R. Doc. 50.

Plaintiff has filed the instant motion to limit the testimony of Parker Towing's proposed expert, Robert Borison. Plaintiff contends Borison's testimony should be limited to the two opinions stated in his report dated September 30, 2019 because Parker Towing has not sought an amendment to the scheduling order nor has Borison submitted any supplemental or amended report containing any additional opinions not in the September 30th report. Plaintiff asserts that Borison should not be allowed to testify about "maritime procedures and industry standards," "working with tow and ratchets," building and breaking tow," "responsibilities of a deckhand," and "proper training" because he does not offer any opinions on these topics in his report.

Parking Towing contends that Borison's report contains information related to each of the subjects Plaintiff seeks to limit. Parking Towing further contends it would be impossible for Borison to testify as to his ultimate conclusions without also testifying as to the topics at issue. Finally, Parking Towing claims Borison's specialized knowledge of unique maritime activities, such as the use of a ratchet to work with tow wires and training a deckhand to do same, will assist the trier of fact at the trial of this matter.

Federal Rule of Evidence 26(a)(2) requires the disclosure of expert witnesses and the preparation of a written report containing "a complete statement of all opinions the witness will express and the basis and reasons for them." District courts have the discretion to exclude expert reports or expert testimony when a party does not comply with the disclosure requirements of Rule 26(a)(2) in preparing an expert report and introducing expert testimony.[4] In this case, the Court finds Borison's report properly contains a statement of all opinions Borison intends to express and the basis and reasons for them. Borison's report includes information on maritime procedures and industry standards, working with tow and ratchets, building and breaking tow, responsibilities of

---

[4] *Harmon v. Georgia Gulf Lake Charles L.L.C.*, 476 Fed.Appx. 31 (5th Cir.2012).

a deckhand, and proper training. Therefore, it is unnecessary to prohibit Borison from testifying about "maritime procedures and industry standards," "working with tow and ratchets," building and breaking tow," "responsibilities of a deckhand," and "proper training" as requested by the Plaintiff. Plaintiff can explore any issues with Borison's testimony on cross-examination at trial.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion *In Limine* To Limit Certain Anticipated Testimony Of Defendant's Expert Witness, Robert Borison,[5] is **DENIED**.

**New Orleans, Louisiana**, on this 23rd day of October, 2020.

GREG GERARD GUIDRY<br>
UNITED STATES DISTRICT JUDGE

---

[5] R. Doc. 50.