UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KELLY HODGES | CIVIL ACTION |
| VERSUS | NO: 19-1736 |
| PARKER TOWING COMPANY, INC. | SECTION: T (4) |

## ORDER

Before the Court is a Motion *In Limine* To Exclude Certain Evidence and Testimony[1] filed by Parking Towing Company, Inc. Kelly Hodges ("Plaintiff") has filed an opposition.[2] For the following reasons, the Motion *In Limine* To Exclude Certain Evidence and Testimony[3] is **GRANTED.**

## BACKGROUND

This action involves Plaintiff's claim for damages resulting from injuries sustained in an accident on December 6, 2017. Parker Towing employed Plaintiff as a deckhand aboard a tow boat, M/V THELMA PARKER II ("Vessel"). Plaintiff alleges he suffered an injury to his left shoulder while he was in the process of using a pelican ratchet during this tow building process. After the incident, Plaintiff reported his unwitnessed accident to his fellow crewmembers. Thereafter, an incident report was prepared and immediate arrangements were made to transport Plaintiff off the Vessel to seek medical attention.

As a result of the accident, Plaintiff has undergone two surgeries to his left shoulder and also attended physical therapy. On January 24, 2020, Plaintiff presented to Dr. Bartholomew for neck issues. Dr. Bartholomew recommended conservative action and also noted a few other

---

[1] R. Doc. 53.
[2] R. Doc. 56.
[3] R. Doc. 53.

1

possible future treatments. Specifically, Dr. Bartholomew reported: "Last choice would be anterior cervical diskectomy and, hopefully, artificial disk, but possibly I would need to convert it to a fusion intraoperatively, because he does have large shoulders and it would be harder to do the artificial disk, especially at C6-7."[4]

Parking Towing seeks an Order preventing any evidence and testimony of a possible future cervical diskectomy. Plaintiff contends he does not intend to offer any testimony or evidence that he will more probably than not have a cervical spine surgery or for the costs for such a procedure. Accordingly, Plaintiff indicated that Parker Towing's motion is essentially unopposed. Plaintiff is not precluded from offering evidence and testimony regarding the need for and cost of a cervical spine surgery which has yet to be recommended. Plaintiff is not, however, precluded from offering testimony and evidence regarding whether he is at maximum medical improvement for the alleged cervical spine complaints.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion *In Limine* To Exclude Certain Evidence and Testimony[5] is **GRANTED.**

**New Orleans, Louisiana**, on this 23rd day of October, 2020.

**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[4] R. Doc. 53-2.
[5] R. Doc. 53.