UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


KELLY HODGES                                                CIVIL ACTION

VERSUS                                                      NO: 19-1736

PARKER TOWING COMPANY, INC.                                 SECTION: T (4)

## ORDER

Before the Court is a Motion *In Limine* To Exclude Testimony and Evidence of Speculative Earnings [1] filed by Parker Towing Company, Inc. Kelly Hodges ("Plaintiff") has filed an opposition.[2] For the following reasons, the Motion *In Limine* To Exclude Testimony and Evidence of Speculative Earnings[3] is **DENIED.**

## BACKGROUND

At the time of Plaintiff's accident on December 6, 2017, he earned $123.03 per day. Plaintiff's economic expert, G. Randolph Rice, calculates Plaintiff's economic loss based upon a daily pay rate of $156.00 at the time of the accident and an increase to $166.00 per day "effective 2/06/18."[4] Parker Towing has moved to exclude testimony by Plaintiff's economic expert contending that there is simply no evidence that Plaintiff would have ever been promoted to a higher earning position and any such purported argument amounts to pure speculation. Parker Towing asserts that such proposed evidence is purely speculative, improper, and should be excluded from the jury trial of this matter.

Plaintiff contends that a seaman may prove his lost income stream based on a promotion he would have likely received, and that Plaintiff will testify that he completed the steps needed for

---

[1] R. Doc. 52.
[2] R. Doc. 54.
[3] R. Doc. 52.
[4] R. Doc. 52-2, p.2.

1

a promotion. Therefore, Plaintiff asserts that the calculations of Plaintiff's expert are not speculative or conjectural, but instead are based on pay and positions Plaintiff likely would have obtained if he had not been injured.

## **LAW AND ANALYSIS**

The calculation of the lost income stream begins with the gross earnings of the injured party at the time of injury.[5] Other income incidental to work, such as fringe benefits, should be added to this amount, and the fact-finder should subtract amounts the wage earner would have been required to pay, such as income tax and work expenses.[6] Evidence about the likelihood that the earnings of an injured worker would increase due to personal merit, increased experience and other individual and societal factors is admissible.[7]

The Court's gatekeeping function does not replace the traditional adversary system and the role of the jury within the system.[8] As the Supreme Court noted in *Daubert*, "vigorous, cross examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."[9] The Fifth Circuit has added that, in determining the admissibility of expert testimony, a district court must defer to "the jury's role as the proper arbiter of disputes between conflicting opinions. As a general rule, questions relating to bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration."[10]

The issues raised by Parker Towing's motion relate to the bases and sources of G. Randolph Rice's opinion. Therefore, the Court finds that these issues should be left for the jury's

---

[5] *Culver v. Slater Boat Co.*, 722 F.2d 114, 117 (5th Cir.1983).
[6] *Id.*
[7] *Id*. at 122.
[8] *See Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579, 596, 113 S.Ct. 2786, 2798 (1993).
[9] *Id.*
[10] *United States v. 14.38 Acres of Land*, 826 F.2d 420, 422 (5th Cir.1987).

consideration and determination. Parker Towing can explore the issues with G. Randolph Rice's opinion and testimony at trial. Accordingly, the Court will deny Parker Towing's motion to exclude testimony and evidence of speculative earnings.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion *In Limine* To Exclude Testimony and Evidence of Speculative Earnings[11] is **DENIED.**

**New Orleans, Louisiana**, on this 13th day of November, 2020.

*/s/ Greg Gerard Guidry*
**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[11] R. Doc. 52.